UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAIM SARWAR, Individually,                    :
                                              :
                    Plaintiff,                :
                                              :
v.                                            :    Case No.
                                              :
KAHN PROPERTY OWNER, LLC, A New York :
Corporation,                                  :
                                              :
                    Defendant.                :
_____ / :
                                              :
                                              :

**COMPLAINT**
(Injunctive Relief and Damages Demanded)

Plaintiff, SAIM SARWAR, Individually, on his behalf and on behalf of all other individuals

similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, KAHN

PROPERTY OWNER, LLC, A New York Corporation, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and for damages pursuant to the NYSHRL.

1.      Plaintiff  is a resident of Brooklyn, New York, is sui juris, and qualifies as an

        individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in

        the major life activity of walking more than a few steps without assistive devices.

        Plaintiff ambulates in a wheelchair or other support and has limited use of his hands.

        He is unable to tightly grasp, pinch and twist of the wrist to operate. When

        ambulating beyond the comfort of his own home, Plaintiff often uses a wheelchair

        or other assistive device. Plaintiff requires accessible handicap parking spaces located

        closet to the entrances of a facility. The handicap and access aisles must be of

sufficient width so that he can embark and disembark from a ramp into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. He has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. He is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. He requires grab bars both behind and beside a commode so that he can safely transfer and he has difficulty reaching the flush control if it is on the wrong side. He has difficulty getting through doorways if they lack the proper clearance.  He needs a roll-in shower with grab bars for bathing. All amenities must be within easy reach.

2.    According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as Oheka Castle, 135 W Gate Dr, Huntington, NY 11743, and is located in the County of Nassau, (hereinafter "Property").  Defendant accepts reservations for this place of lodging ("hotel") through an online system that includes various websites. ("ORS" or "websites".)The

2

purpose of this ORS is so that Defendant can reach out and market to distant

residents all over the country and so that they can review the features of the hotel and,

if they choose, book a room using the ORS.

3.         Venue is properly located in this District  because the subject property is located in

this district.

4.         Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title

III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28

U.S.C. § 2201 and § 2202.

5.         Plaintiff has a system of rechecking the online reservations systems of each and every

hotel he has sued.  In this regard, he maintains a list of every hotel he has sued, and

records the dates he visits their reservations systems. Pursuant to that system, he

visited the websites for Defendant's hotel multiple times prior to filing the instant

lawsuit. In every case, once the complaint is filed, he also marks a date for the near

future to revisit the hotel's system. Once it is established when the hotel's system is

required to become compliant, whether by settlement agreement or court order, the

plaintiff records the date. He then revisits the hotel's system when that date arrives.

By this system, Plaintiff revisits the websites for every hotel he sues at least two

times after the complaint is filed.

6.         Plaintiff has traveled extensively throughout the State of New York and plans to

continue to do so. When he visits, he stays in hotels. From late August through early

September, 2021, Plaintiff traveled throughout the entire State of New York, and also

3

traveled to and through Vermont, Maine, Massachusetts, Rhode Island, Connecticut, New Jersey, Pennsylvania, Maryland and D.C.. This included the area of Defendant's hotel. He stayed in hotels during his journey. Plaintiff intends to make the same trip again, to the same areas, at the same time next year: namely, late August-early September 2022 and will again travel through the area of Defendant's hotel.

7.     On multiple occasions prior to the filing of this lawsuit, Plaintiff reviewed the ORS for Defendant's hotel for the purpose of ascertaining whether or not he would be able to book an accessible room and stay at this hotel during a trip he plans to take next year. He found that many of its websites did not identify or allow for booking of any accessible guest rooms and failed to provide sufficient information so that Plaintiff or other disabled persons could ascertain whether or not the hotel's rooms and features are accessible. As such, he was deprived of the information he needed to make a meaningful choice in planning his trip and deprived him of the assurance that he would be able to stay in an accessible room at Defendant's hotel when he traveled through the area.

8.     Plaintiff intends to again travel to and through the same areas referenced above at the same time next year: namely, August-September 2022. This will include the area of Defendant's hotel. He will again need to stay in hotels during his trip and will again review the ORS of Defendant's hotel shortly before he makes his trip to ascertain whether or not he will be able to stay in the hotel.

### Count I - Violation Of The ADA

9.     Plaintiff realleges paragraphs 1-8 as if set forth fully hereunder.

4

10.     42 U.S.C. Section 12182(a) provides: No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

11.     As the owner of the subject place of lodging, Defendant is required to comply with the ADA.  As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA.  These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

12.     More specifically, 28 C.F.R. Section 36.302(e)(1)(the "Regulation"), promulgated by the Department of Justice pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii) imposes the following requirement:

**Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals

5

with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13.     This Regulation became effective March 15, 2012.

14.      The Defendant's ORS failed to comply with the Regulation's requirements as follows: Expedia, Travelocity, cheaptickets.com, Orbitz, Oheka.com, hotelplanner.com, reservationcounter.com, hotwire and hotels.com, fail to identify or allow for booking of any accessible rooms in the same manner as other rooms and fail to provide sufficient information regarding accessibility. Expedia, Cheaptickets.com, Orbitz, Travelocity, and hotwire indicate wheelchair accessibility "may have limitations" but do not otherwise provide information as to what those limitations are. The other sites fail to even provide that much information.

15.     In addition to his system of rechecking the ORS of every hotel he sues, he intends to again review this hotel's ORS shortly before he makes his trip to the area as referenced above.

16.     Plaintiff is continuously aware that the subject ORS remains non-compliant and that it would be a futile gesture to revisit it as long as those violations exist unless he is willing to suffer additional discrimination.

17.     The violations present at Defendant's ORS infringe Plaintiff's right to travel free

of discrimination and deprive him of the information required to make meaningful

choices for travel.  Plaintiff has suffered, and continues to suffer, stigmatic harm,

dignitary harm, frustration and humiliation as the result of the discriminatory

conditions present at Defendant's ORS. By continuing to operate the ORS with

discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation

and segregation and deprives Plaintiff the full and equal enjoyment of the goods,

services, facilities, privileges and/or accommodations available to the general

public.  By encountering the discriminatory conditions at Defendant's ORS, and

knowing that it would be a futile gesture to return to the ORS unless he is willing

to endure additional discrimination, Plaintiff is deprived of the same advantages,

privileges, goods, services and benefits readily available to the general public.  By

maintaining a  ORS with violations, Defendant deprives Plaintiff the equality of

opportunity offered to the general public.  Defendant's online reservations system

serves as a gateway to its hotel. Because this online reservations system

discriminates against Plaintiff, it is thereby more difficult to book a room at the

hotel or make an informed decision as to whether the facilities at the hotel are

accessible.

18.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a

result of the Defendant's discrimination until the Defendant is compelled to

modify its ORS  to comply with the requirements of the ADA and to continually

monitor and ensure that the subject ORS remains in compliance.

7

19.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to its ORS. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

20.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject ORS.

21.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

22.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities - a violation of 42 U.S.C. Section 12182(b)(2)(A)(ii).

23.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject ORS to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the ORS until such time as the Defendant cures its violations of the ADA.

### Count II - Damages Pursuant to NYSHRL

25.     Plaintiff realleges paragraphs 1-24 as if set forth fully hereunder.

26.     The NYSHRL provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation... because of the... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability...
NYS Exec. Law Section 296(2)(a).

26.     Under NYS Exec. Law Section 296(2)(c), discrimination includes:

(i) a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

27.        Defendant's property is a place of public accommodation as defined by the NYSHRL.

28.        Defendant has violated the NYSHRL

29.        As a result of Defendant's violation of the NYSHRL, Plaintiff suffered frustration, humiliation, embarrassment, segregation, dignitary and stigmatic harm, exclusion, loss of the equality of opportunity, and has otherwise been damaged.

30.        Pursuant to NYS Exec. Law Section 297(9), Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests:

a.        The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and the NYSHRL.

b.        The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

c.        Injunctive relief against the Defendant including an order to revise its ORS to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the ORS to ensure that it remains in compliance with said requirement. To the extent that Defendant's ORS includes third party sites, Plaintiff seeks injunctive relief requiring that Defendant provide the third parties with the information required to comply with the Regulation.

d.        An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e.    An award of damages in the amount of $1000.00 or in such amounts as the Court

deems just and proper.

f.    Such other relief as the Court deems just and proper, and/or is allowable under Title

III of the Americans with Disabilities Act and the NYSHRL.

Respectfully Submitted,

*/s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
600 Blakenham Court
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com